LAURIE E. SHERWOOD, State Bar No. 155312
ALEX F. PEVZNER, State Bar No. 221606
WALSWORTH FRANKLIN BEVINS & McCALL, LLP
601 Montgomery Street, Ninth Floor
San Francisco, California 94111-2612
Telephone:   (415) 781-7072
Facsimile:   (415) 391-6258

*Of counsel:*
Rodney E. Gould, State Bar No. 238877
RUBIN, HAY & GOULD, P.C.
205 Newbury Street
P.O. Box 786
Framingham, Massachusetts 01701-0786
Telephone: (508) 875-5222
Facsimile: (508) 879-6803

Attorneys for Defendant
GEOGRAPHIC EXPEDITIONS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOGRAPHIC EXPEDITIONS, INC., | Case No. C 08 4624 SI |
| Petitioner, | **PETITION OF GEOGRAPHIC EXPEDITIONS, INC. TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION** |
| v. | |
| THE ESTATE OF JASON LHOTKA by ELENA LHOTKA, executrix; and SANDRA MENEFEE, | |
| Respondents. | |

The petitioner, Geographic Expeditions, Inc. (GeoEx), requests the Court to enter: (1) an order under section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, compelling the respondents to arbitrate any disputes they may have with GeoEx because of a valid and fully enforceable arbitration provision in the contract between the parties; and (2) an order under 28 U.S.C. § 2283, the Anti-Injunction Act, staying a California state court action that the respondents have filed against GeoEx, *The Estate of Jason Lhotka, by Elena Lhotka, executrix; Elena Lhotka; Nicholas Lotka, by his guardian ad litem; Elena Lhotka; and Sandra Menefee v. Geographic Expeditions, Inc., also doing business as Innerasia Travel Group; and Does 1 through 50*, San Francisco County Superior Court, Case No. CGC-08-477496.

-1-
RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE

500371.1
2946-3.1560

1    This Petition is supported by a memorandum of points and authorities; a declaration of the president of GeoEx, James Sano; a declaration of counsel for GeoEx, Craig S. Harwood; and a Notice of Lodging containing LEXIS opinions, slip opinions, and a Florida state court opinion. GeoEx is also filing with this Petition a motion to stay the state court action.

### The Parties

1. The petitioner, GeoEx, a defendant in the state court action, is a corporation duly organized and existing under the laws of the State of California, with its headquarters and principal place of business at 1008 General Kennedy Avenue, San Francisco, California. GeoEx is a tour operator specializing in adventure and cultural travel to destinations throughout the world.

2. At all relevant times, the decedent, Jason Lhotka, was a resident of Grand Junction, Colorado. Upon information and belief, Elena Lhotka, who was Jason Lhotka's wife and is the executrix of his estate and a plaintiff, as executrix and individually, in the state court action, has been a resident of Grand Junction, Colorado.

3. At all relevant times, the respondent Sandra Menefee was a resident of Breckenridge, Colorado.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. As part of his application for a GeoEx trip scheduled to take place from September 22, 2007 through October 8, 2007, on May 7, 2007, Jason Lhotka signed a contract with GeoEx containing an arbitration clause and various other provisions. He returned the signed contract to GeoEx's offices in San Francisco. A true and accurate copy of the contract he signed is attached hereto as Exhibit A.

6. As part of her application for the same GeoEx trip, on June 5, 2007, Sandra Menefee, who accompanied Jason Lhotka on the trip, signed the same contract with GeoEx. She returned the signed contract to GeoEx's offices in San Francisco. A true and accurate copy of the contract she signed is attached hereto as Exhibit B.

Walsworth, Franklin, Bevins & McCall, LLP
ATTORNEYS AT LAW
500371.1
2946-3.1560

-2-
Case No.
PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION

7. GeoEx does not accept a tour participant for a trip until it receives the signed contract at its office, reviews it, and determines that the tour participant has filled it out fully and signed it. GeoEx explains this procedure in the contract just before the arbitration clause: "I understand that all Trip Applications are subject to acceptance by GeoEx in San Francisco, California, USA."

8. The respondents are subject to personal jurisdiction in California because they entered into a contract with GeoEx that GeoEx accepted in California. They are also subject to jurisdiction here and venue is proper here because they agreed to the contractual provision requiring them to arbitrate in San Francisco. See *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) (persons who agree to arbitrate in a specified jurisdiction are generally held to have consented to both personal jurisdiction and venue of the courts in that jurisdiction), and because they have availed themselves of the privileges of the California judicial system by filing their state court action against GeoEx in Superior Court for San Francisco County.

9. The First Amended Complaint that the respondents filed in the California state court is the latest version of the Complaint. A true and accurate copy of it is attached to the Gould Declaration as Exhibit B. It does not allege the amount of the respondents' damages, but it alleges damages reasonably in excess of the threshold for diversity jurisdiction under 28 U.S.C. § 1332(a), $75,000 exclusive of interest and costs. Specifically, it requests damages for the alleged wrongful death of Jason Lhotka, who was 37 years old at the time of the trip, was married, and had at least one dependent. It also requests damages for loss of consortium for his wife and his son; damages for fraud, intentional misrepresentation, gross negligence, and intentional infliction of emotional distress; for special damages under consumer fraud statutes; for exemplary damages under consumer fraud statutes; and for damages for funeral, medical, and burial expenses. GeoEx therefore has a reasonable, good-faith belief that the damages exceed $75,000, exclusive of interest and costs.

### The Agreement to Arbitrate

10. The tour that Jason Lhotka and Sandra Menefee booked was GeoEx's "The Real Kilimanjaro," a hiking trek to the peak of Mount Kilimanjaro, from September 22, 2007 through

-3-

Case No.
PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION

Walsworth, Franklin, Bevins & McCall, LLP
ATTORNEYS AT LAW

500371.1
2946-3.1560

October 8, 2007.

11.  In their First Amended Complaint in the state court action, the respondents allege that on or about October 4, 2007, Jason Lhotka died as a result of complications he suffered during his climb.

12.  The arbitration provision in the contract that Jason Lhotka and Sandra Menefee reads in relevant part:

> I agree that in the unlikely event a dispute of any kind arises between me and GeoEx, the following conditions will apply: (a) the dispute will be submitted to a neutral third-party mediator in San Francisco, California, with both parties splitting equally the costs of such mediator. If the dispute cannot be resolved through mediation, then (b) the dispute will be submitted for binding arbitration to the American Arbitration Association in San Francisco, California; (c) the dispute will be governed by California law; . . .

Exhibits A & B hereto, second page, 3rd from last para.

13.  GeoEx includes the arbitration provision in the contract to reduce the time and expense of resolving any claims by GeoEx against tour participants and by tour participants against GeoEx in connection with a GeoEx tour. GeoEx specifies San Francisco as the forum for the arbitration because its headquarters are here.

### A dispute between the parties has arisen, and the respondents' claims are within the scope of the arbitration clause

14.  The arbitration provision states that if a dispute "of any kind" arises between the signatories and GeoEx, "<u>the dispute will be submitted for binding arbitration to the American Arbitration Association in San Francisco, California.</u>" (Emphasis added.) The First Amended Complaint in the state court action seeks damages, under various theories of liability, for GeoEx's allegedly wrongful conduct in advertising, planning, and operating the September 22, 2007 Real Kilimanjaro tour. The state court action is clearly a "dispute" that has arisen between Jason Lhotka's estate, Sandra Menefee, and GeoEx, and the respondents' claims are clearly within the scope of the arbitration clause because they are a dispute "of any kind" against GeoEx or between the respondents and GeoEx.

15.  The broad language of the arbitration provision encompasses the various causes of

-4-

Case No.
PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION

500371.1
2946-3.1560

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

1  action in the First Amended Complaint seeking redress for GeoEx's allegedly wrongful acts in
2  relation to the trip, so all of the respondents' claims must be arbitrated.

### Demand for Arbitration

16. GeoEx first became aware that the respondents were pursuing litigation in this matter when GeoEx was served with the Complaint on July 21, 2008. On July 23, 2008, GeoEx's attorney, Rodney E. Gould, advised the respondents' counsel in a letter that GeoEx had received a copy of the Complaint, that it demanded arbitration as provided in the contract, and that GeoEx would seek dismissal of the Complaint in favor of arbitration. A true and accurate copy of Mr. Gould's letter is attached as Exhibit A to the declaration of Craig S. Harwood ("Harwood Declaration") in support of this petition.

17. The respondents refused to proceed to arbitration and to agree to stay their state court action until the arbitration had been completed and a judgment on the award had been entered.

18. After the respondents refused to arbitrate, they served a First Amended Complaint. GeoEx responded to the First Amended Complaint in the California state court action by filing on September 15, 2008, a motion to dismiss or, in the alternative, to stay the action and to compel arbitration. A copy of the First Amended Complaint is attached as Exhibit B to the Harwood Declaration. That motion was originally set for hearing on October 20, 2008, but the parties have agreed to move the hearing date to November 18, 2008.

19. The respondents still refuse to proceed to an arbitration or to stay their state court action.

### Request For a Stay of the State Court Action

20. This federal court has authority to enjoin the state court action under the Anti-Injunction Statute, 28 U.S.C. § 2283, which allows a federal court to stay proceedings in a state court if the stay or injunction is "necessary in aid of jurisdiction," *Pervel Indus., Inc. v TM Wallcovering, Inc.*, 675 F. Supp. 867, 870 (S.D.N.Y. 1987), *aff'd*, 871 F.2d 7 (2d Cir. 1989); *Hunt v. Mobil Oil Corp.*, 557 F. Supp. 368, 372 & n.13 (S.D.N.Y. 1983), *aff'd without op.*, 742 F.2d 1438 (2d Cir. 1983), or is necessary "to protect or effectuate" the court's judgment. *In the Matter*

Walsworth, Franklin, Bevins & McCall, LLP
ATTORNEYS AT LAW
500371.1
2946-3.1560
-5-
Case No.
PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION

of the Arbitration between Necchi Sewing Machine Sales Corp. and Carl, 260 F. Supp. 665, 669 (S.D.N.Y. 1966).

21. An order staying the state court action is necessary to "protect" or "effectuate" the order or judgment compelling the respondent to arbitrate. *In the Matter of the Arbitration between Nuclear Elec. Ins. Ltd. and Central Power and Light Co.*, 926 F. Supp. 428, 436 (S.D.N.Y. 1996); *ITT Consumer Financial Corp. v. Wilson*, 1991 U.S. Dist. LEXIS 21005, *20-*22 (S.D. Miss. 1991) (Ex. F in Notice of Lodging); *Necchi Sewing Machine*, 260 F. Supp. at 669; *In the Matter of the Arbitration between Network Cinema Corp. v. Glassburn*, 357 F. Supp. 169, 172 (S.D.N.Y. 1973).

WHEREFORE, the petitioner, Geographic Expeditions, Inc., prays for:

(1) an order compelling the respondents to initiate an arbitration and proceed with it accordance with the arbitration provision;

(2) an order staying the state court action, *The Estate of Jason Lhotka, by Elena Lhotka, executrix et al. v. Geographic Expeditions, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-08-477496, and enjoining the respondents from proceeding in that action;

(3) costs, attorneys' fees, and interest thereon, as provided by law; and

(4) such other and further relief as the Court deems proper.

Dated: October 6, 2008

WALSWORTH FRANKLIN BEVINS & McCALL, LLP

By: *Laurie E. Sherwood*
LAURIE E. SHERWOOD
ALEX F. PEVZNER
Attorneys for Defendant
GEOGRAPHIC EXPEDITIONS, INC.

-and-

*Of counsel:*
Rodney E. Gould, State Bar No. 238877
RUBIN, HAY & GOULD, P.C.

Attorneys for the Petitioner, GEOGRAPHIC EXPEDITIONS, INC.

Walsworth, Franklin, Bevins & McCall, LLP
ATTORNEYS AT LAW

500371.1
2946-3.1560

-6-
Case No.
PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION

# EXHIBIT A

→ *Please read carefully and sign on the reverse side*
→ *This is a legally enforceable waiver*

NAME __Jason Lhotka__

TRIP(S) __Kilemanjaro__

TRIP DATES __Sept - Oct 2007__

NAME _____

TRIP(S) _____

TRIP DATES _____

## LIMITATION OF LIABILITY

Geographic Expeditions, Inc. (GeoEx), its owners, agents, employees, and affiliated companies hereby give notice that they act only as agents for hotels, transportation companies, land operators, and suppliers of travel services, and assume no responsibility or liability whatsoever in connection with the operation, safety, condition, or service of any aircraft, motor vehicle, boat, other conveyance, inn, lodge, or hotel which may be used wholly or in part for services to GeoEx's trip members. GeoEx, its operators, airlines, and agents will not be responsible for any act, error, or omission, nor for any injury, loss, accident, delay, inconvenience, irregularity, or damage which may be occasioned by any cause whatsoever, including acts of nature, civil disturbance, government restrictions, or failure of any means of conveyance to adhere to published schedule.

GeoEx reserves the right, either prior to or after departure, in its good-faith discretion and only in extraordinary circumstances, to change or reprice any tour, trip, or expedition. This includes, but is not limited to, the right of GeoEx in such extraordinary circumstances to alter or omit any part of the itinerary, to substitute hotels or leaders, or to change any means of conveyance without notice and without allowance of refund, with the liability for increased costs—if any—to be borne by trip members.

If GeoEx decides to cancel any tours, treks, or expeditions due to acts of insurrection, strikes, acts of God, or any other cause beyond the control of GeoEx, refunds will be based upon the difference between the original trip price and the cost of services already provided. GeoEx reserves the right to accept or reject any person as a trip member at any time.

Trip members grant GeoEx express permission to take a photographic record of its trips for promotional and commercial use.

*Participant Responsibility* Trip members assume the responsibility to select/design a trip most appropriate to their physical abilities and interests. Members are responsible for being in sufficiently good health to undertake their trip and may be required to obtain a physician's release to participate in the trip. Members are also responsible for studying all pre-departure information; for bringing all detailed equipment and clothing; for conforming to standards of personal hygiene to minimize the risk of traveler's disease—as so by the trip leader; and for acting in a manner considerate of fellow group members and the countries visited. Smoking is not permitted in buses or cars, below decks on our boats, in tented camps, or in other designated non-smoking areas.

*Airline Responsibility* The airlines concerned are not to be held responsible for any act, omission, or event during the time passenger is nor on board their planes or conveyances. The passenger contract in use by the airline concerned, when issued, shall constitute the sole contract between the airline and the purchaser of their programs and/or passenger. Similar responsibility as noted above applies to all types of carriers.

### TRIP MEMBER'S AGREEMENT REGARDING COMPLETE ASSUMPTION OF RISK OF TRAVEL AND RELEASE OF GEOGRAPHIC EXPEDITIONS, INC., LIABILITY

I acknowledge the risk and hazards of travel in remote areas where injury, delay, or unanticipated events may occur. By signing this statement, I accept responsibility for my own welfare and waive any future claims against GeoEx for liability to the maximum extent permitted by law.

I acknowledge and agree that by participating in a GeoEx tour, trek, expedition, or vacation, I am doing so willingly and of my own volition. I understand that travel to GeoEx destinations may entail risks (and rewards) above and beyond those encountered in travel to destinations in the industrialized world. By signing below, I unconditionally understand and agree to fully assume all of the risks inherent in travel to GeoEx destinations as such risks are described below. By signing below, I fully agree to release GeoEx from all liability in connection with my tour, trek, expedition, or vacation.

I understand that I am undertaking travel to remote geographical areas located in lesser-developed countries where, among other things, a sense of urgency, attention to detail, standards of quality, hygiene, political stability, cuisine, sanitation facilities, cleanliness, level of infrastructural development, telecommunication facilities, methods of conducting business, medical evacuation, etc., may be deemed unsatisfactory and/or not equivalent to those found in the industrialized nations. I also understand that the normal level of medical treatment and services, including the presence of a physician or any other trained medical professionals and/or the availability of prescription-type drugs, may not be possible. I understand and acknowledge all of these risk factors.

I am aware that travel within a group situation invariably involves compromise to accommodate the diverse desires, travel goals, personalities, and physical abilities of group members. I have been advised that my tour leader may be required to improvise and exercise his or her good-faith discretion and/or make decisions based upon the consensus of the group which may not please me personally but satisfy the larger desires of the group. I understand and accept these aspects of group travel.



I accept that while traveling to GeoEx destinations the following situations may and oftentimes do occur: delay; partial or complete changes in timing or routing of itinerary; changes in announced trip leaders; changes in grades of lodging or camping accommodations; modes or quality of air, land, and/or sea transport. I understand that in most, if not all, instances, these situations are due to geographical, physical, governmental, or other restrictions beyond the reasonable control of GeoEx. I agree that if any of the foregoing situations arise while I'm traveling on a GeoEx trip, GeoEx may have to make last-minute decisions to address the changed circumstances. I agree to release GeoEx from any and all liability whatsoever in connection with such decisions, provided they are entered into at the time by GeoEx with a good-faith business justification. I understand and agree that GeoEx does not guarantee a verbatim compliance with the itinerary or itineraries that have been furnished to me.

I am aware that travel may entail risks including, but not limited to, the hazards of traveling in politically unstable areas, the perils of civil disturbances and war, the forces of nature, arbitrary or capricious itinerary changes mandated by governmental authorities or private concerns, and vehicular and other accidents, caused either by acts beyond the control of GeoEx or by the negligent acts of third parties.

I understand that GeoEx contracts with a network of business firms, governmental agencies, and individuals for field services. These businesses, firms, governmental agencies, and persons may include United States or foreign-based companies, subcontractors, business concerns, agents, employees, and associates (all of whom shall be referred to as "third parties"). In many instances, GeoEx is required to contract with particular third parties solely at the insistence of a foreign government or its agencies. To the best of GeoEx's knowledge, such third parties are qualified to perform the tasks for which they have been retained.

I understand, however, that GeoEx cannot fully supervise or guarantee the performance of such third parties because of, among other things, remote geographic locations, equipment substitution, lack of telecommunication facilities, time constraints, and governmental restrictions. I knowingly assume this risk and I fully release and hold harmless GeoEx from any and all liability for all of the acts or omissions of such third parties unless GeoEx can be shown to have been grossly negligent or reckless in its dealings with or reliance upon such third parties.

I fully assume all of the above described risks and release GeoEx from any and all liability in connection with any and all of those risks.

I agree that this Complete Assumption of Risk of Travel and Release of GeoEx Liability shall be legally binding upon myself, all minors under the age of 21 traveling with me, and my heirs, successors, assigns, and legal representatives. It is my intention to fully assume all of the risk of travel and to release GeoEx from any and all liabilities to the maximum extent permitted by law.

I acknowledge and agree that the cost of all GeoEx trips has been based upon Trip Participants executing this document. I have voluntarily agreed to participate in a GeoEx trip, and willingly execute this document. I absolutely understand its contents and its legal ramifications, especially those pertaining to my full assumption of the risk of travel and my release of GeoEx from any and all liability to the maximum extent permitted by law.

I confirm that I have read, fully understand, and agree to all of the terms and conditions contained in the GeoEx brochure, especially noting the policies on cancellations, refunds, limitations of liability, participant responsibility, and airline responsibility. I agree that the cancellation policies expressed in the GeoEx brochure shall take precedence over and supersede any rights to refund mandated under the consumer protection laws of any state. I also confirm that I have fully read and understand my responsibilities as outlined in the *Travel Health Companion* booklet given to me by GeoEx prior to trip departure.

I understand that all Trip Applications are subject to acceptance by GeoEx in San Francisco, California, USA. I agree that in the unlikely event a dispute of any kind arises between me and GeoEx, the following conditions will apply: (a) the dispute will be submitted to a neutral third-party mediator in San Francisco, California, with both parties splitting equally the costs of such mediator. If the dispute cannot be resolved through mediation, then (b) the dispute will be submitted for binding arbitration to the American Arbitration Association in San Francisco, California; (c) the dispute will be governed by California law; and (d) the maximum amount of recovery to which I will be entitled under any and all circumstances will be the sum of the land and air cost of my trip with GeoEx. I agree that this is a fair and reasonable limitation on the damages, of any sort whatsoever, that I may suffer.

I agree to fully indemnify GeoEx for all of its costs (including attorneys' fees) if I commence an action or claim against GeoEx based upon claims I have previously released or waived by signing this release.

I agree that in the event any part or portion of this Trip Member's Agreement Regarding Complete Assumption of Risk of Travel and Release of Geographic Expeditions, Inc., Liability is found to be void or unenforceable, then such part or portion will be stricken but the rest of this document will be given full force and effect.

↳ SIGNATURE _Jason Lhotka_          ↳ SIGNATURE _____

↳ DATED _05/02/07_                   ↳ DATED _____

↳ PRINT NAME _JASON L HOTKA_         ↳ PRINT NAME _____

(Parent or guardian must sign if applicant is under 21 years of age)    (Parent or guardian must sign if applicant is under 21 years of age)

# EXHIBIT B

↪ *Please read carefully and sign on the reverse side*
↪ *This is a legally enforceable waiver*

NAME: Sandra Menefee
TRIP(S): Real Kilimanjaro
TRIP DATES: Sept 21 – Oct 8, 2007

NAME:
TRIP(S):
TRIP DATES:

### LIMITATION OF LIABILITY

Geographic Expeditions, Inc. (GeoEx), its owners, agents, employees, and affiliated companies hereby give notice that they act only as agents for hotels, transportation companies, land operators, and suppliers of travel services, and assume no responsibility or liability whatsoever in connection with the operation, safety, condition, or service of any aircraft, motor vehicle, boat, other conveyance, inn, lodge, or hotel which may be used wholly or in part for services to GeoEx's trip members. GeoEx, its operators, airlines, and agents will not be responsible for any act, error, or omission, nor for any injury, loss, accident, delay, inconvenience, irregularity, or damage which may be occasioned by any cause whatsoever, including acts of nature, civil disturbance, government restrictions, or failure of any means of conveyance to adhere to published schedule.

GeoEx reserves the right, either prior to or after departure, in its good-faith discretion and only in extraordinary circumstances, to change or reprice any tour, trip, or expedition. This includes, but is not limited to, the right of GeoEx in such extraordinary circumstances to alter or omit any part of the itinerary, to substitute hotels or leaders, or to change any means of conveyance without notice and without allowance of refund, with the liability for increased costs—if any—to be borne by trip members.

If GeoEx decides to cancel any tours, treks, or expeditions due to acts of insurrection, strikes, acts of God, or any other cause beyond the control of GeoEx, refunds will be based upon the difference between the original trip price and the cost of services already provided. GeoEx reserves the right to accept or reject any person as a trip member at any time.

Trip members grant GeoEx express permission to take a photographic record of its trips for promotional and commercial use.

*Participant Responsibility* Trip members assume the responsibility to select/design a trip most appropriate to their physical abilities and interests. Members are responsible for being in sufficiently good health to undertake their trip and may be required to obtain a physician's release to participate in the trip. Members are also responsible for studying all pre-departure information; for bringing all detailed equipment and clothing; for conforming to standards of personal hygiene to minimize the risk of traveler's disease—as set by the trip leader; and for acting in a manner considerate of fellow group members and the countries visited. Smoking is not permitted in buses or cars, below decks on our boats, in tented camps, or in other designated non-smoking areas.

*Airline Responsibility* The airlines concerned are not to be held responsible for any act, omission, or event during the time passenger is not on board their planes or conveyances. The passenger contract in use by the airline concerned, when issued, shall constitute the sole contract between the airline and the purchaser of their programs and/or passenger. Similar responsibility as noted above applies to all types of carriers.

### TRIP MEMBER'S AGREEMENT REGARDING COMPLETE ASSUMPTION OF RISK OF TRAVEL AND RELEASE OF GEOGRAPHIC EXPEDITIONS, INC., LIABILITY

I acknowledge the risk and hazards of travel in remote areas where injury, delay, or unanticipated events may occur. By signing this statement, I accept responsibility for my own welfare and waive any future claims against GeoEx for liability to the maximum extent permitted by law.

I acknowledge and agree that by participating in a GeoEx tour, trek, expedition, or vacation, I am doing so willingly and of my own volition. I understand that travel to GeoEx destinations may entail risks (and rewards) above and beyond those encountered in travel to destinations in the industrialized world. By signing below, I unconditionally understand and agree to fully assume all of the risks inherent in travel to GeoEx destinations as such risks are described below. By signing below, I fully agree to release GeoEx from all liability in connection with my tour, trek, expedition, or vacation.

I understand that I am undertaking travel to remote geographical areas located in lesser-developed countries where, among other things, a sense of urgency, attention to detail, standards of quality, hygiene, political stability, cuisine, sanitation facilities, cleanliness, level of infrastructural development, telecommunication facilities, methods of conducting business, medical evacuation, etc., may be deemed unsatisfactory and/or not equivalent to those found in the industrialized nations. I also understand that the normal level of medical treatment and services, including the presence of a physician or any other trained medical professionals and/or the availability of prescription-type drugs, may not be possible. I understand and acknowledge all of these risk factors.

I am aware that travel within a group situation invariably involves compromise to accommodate the diverse desires, travel goals, personalities, and physical abilities of group members. I have been advised that my tour leader may be required to improvise and exercise his or her good-faith discretion and/or make decisions based upon the consensus of the group which may not please me personally but satisfy the larger desires of the group. I understand and accept these aspects of group travel.

↪

I accept that while traveling to GeoEx destinations the following situations may and oftentimes do occur: delay; partial or complete changes in timing or routing of itinerary; changes in announced trip leaders; changes in grades of lodging or camping accommodations; modes or quality of air, land, and/or sea transport. I understand that in most, if not all, instances, these situations are due to geographical, physical, governmental, or other restrictions beyond the reasonable control of GeoEx. I agree that if any of the foregoing situations arise while I'm traveling on a GeoEx trip, GeoEx may have to make last-minute decisions to address the changed circumstances. I agree to release GeoEx from any and all liability whatsoever in connection with such decisions, provided they are entered into at the time by GeoEx with a good-faith business justification. I understand and agree that GeoEx does not guarantee a verbatim compliance with the itinerary or itineraries that have been furnished to me.

I am aware that travel may entail risks including, but not limited to, the hazards of traveling in politically unstable areas, the perils of civil disturbances and war, the forces of nature, arbitrary or capricious itinerary changes mandated by governmental authorities or private concerns, and vehicular and other accidents, caused either by acts beyond the control of GeoEx or by the negligent acts of third parties.

I understand that GeoEx contracts with a network of business firms, governmental agencies, and individuals for field services. These businesses, firms, governmental agencies, and persons may include United States or foreign-based companies, subcontractors, business concerns, agents, employees, and associates (all of whom shall be referred to as "third parties"). In many instances, GeoEx is required to contract with particular third parties solely at the insistence of a foreign government or its agencies. To the best of GeoEx's knowledge, such third parties are qualified to perform the tasks for which they have been retained.

I understand, however, that GeoEx cannot fully supervise or guarantee the performance of such third parties because of, among other things, remote geographic locations, equipment substitution, lack of telecommunication facilities, time constraints, and governmental restrictions. I knowingly assume this risk and I fully release and hold harmless GeoEx from any and all liability for all of the acts or omissions of such third parties unless GeoEx can be shown to have been grossly negligent or reckless in its dealings with or reliance upon such third parties.

I fully assume all of the above described risks and release GeoEx from any and all liability in connection with any and all of those risks.

I agree that this Complete Assumption of Risk of Travel and Release of GeoEx Liability shall be legally binding upon myself, all minors under the age of 21 traveling with me, and my heirs, successors, assigns, and legal representatives. It is my intention to fully assume all of the risk of travel and to release GeoEx from any and all liabilities to the maximum extent permitted by law.

I acknowledge and agree that the cost of all GeoEx trips has been based upon Trip Participants executing this document. I have voluntarily agreed to participate in a GeoEx trip, and willingly execute this document. I absolutely understand its contents and its legal ramifications, especially those pertaining to my full assumption of the risk of travel and my release of GeoEx from any and all liability to the maximum extent permitted by law.

I confirm that I have read, fully understand, and agree to all of the terms and conditions contained in the GeoEx brochure, especially noting the policies on cancellations, refunds, limitations of liability, participant responsibility, and airline responsibility. I agree that the cancellation policies expressed in the GeoEx brochure shall take precedence over and supersede any rights to refund mandated under the consumer protection laws of any state. I also confirm that I have fully read and understand my responsibilities as outlined in the *Travel Health Companion* booklet given to me by GeoEx prior to trip departure.

I understand that all Trip Applications are subject to acceptance by GeoEx in San Francisco, California, USA. I agree that in the unlikely event a dispute of any kind arises between me and GeoEx, the following conditions will apply: (a) the dispute will be submitted to a neutral third-party mediator in San Francisco, California, with both parties splitting equally the costs of such mediator. If the dispute cannot be resolved through mediation, then (b) the dispute will be submitted for binding arbitration to the American Arbitration Association in San Francisco, California; (c) the dispute will be governed by California law; and (d) the maximum amount of recovery to which I will be entitled under any and all circumstances will be the sum of the land and air cost of my trip with GeoEx. I agree that this is a fair and reasonable limitation on the damages, of any sort whatsoever, that I may suffer.

I agree to fully indemnify GeoEx for all of its costs (including attorneys' fees) if I commence an action or claim against GeoEx based upon claims I have previously released or waived by signing this release.

I agree that in the event any part or portion of this Trip Member's Agreement Regarding Complete Assumption of Risk of Travel and Release of Geographic Expeditions, Inc., Liability is found to be void or unenforceable, then such part or portion will be stricken but the rest of this document will be given full force and effect.

SIGNATURE: *Sandra L. Menefee*
DATED: 6/5/07
PRINT NAME: Sandra L. Menefee

(Parent or guardian must sign if applicant is under 21 years of age)

SIGNATURE: _____
DATED: _____
PRINT NAME: _____

(Parent or guardian must sign if applicant is under 21 years of age)