1  LAURIE E. SHERWOOD, State Bar No. 155312
   ALEX PEVZNER, State Bar No. 221606
2  WALSWORTH FRANKLIN BEVINS & McCALL, LLP
   601 Montgomery Street, Ninth Floor
3  San Francisco, California 94111-2612
   Telephone:   (415) 781-7072
4  Facsimile:   (415) 391-6258

5  *Of counsel:*
   Rodney E. Gould, State Bar No. 238877
6  RUBIN, IIAY & GOULD, P.C.
   205 Newbury Street
7  P.O. Box 786
   Framingham, Massachusetts  01701-0786
8  Telephone:  (508) 875-5222
   Facsimile:  (508) 879-6803

9
   Attorneys for Defendant
10 GEOGRAPHIC EXPEDITIONS, INC.

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13

14 GEOGRAPHIC EXPEDITIONS, INC.,          )  Case No. **C 08     4624**
                                          )
15              Petitioner,               )
                                          )  **MEMORANDUM OF POINTS AND**
16        v.                              )  **AUTHORITIES IN SUPPORT OF**
                                          )  **PETITION OF GEOGRAPHIC**
17 THE ESTATE OF JASON LHOTKA by ELENA    )  **EXPEDITIONS, INC. TO COMPEL**
   LHOTKA, executrix; and SANDRA MENEFEE, )  **ARBITRATION AND TO STAY THE**
18                                        )  **STATE COURT ACTION**
                Respondents.              )
19                                        )

20

21

22

23

24

25

26

27

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

# TABLE OF CONTENTS

**Page**

I.    FACTS......................................................................................................................... 1

II.   THIS COURT HAS SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION OVER THIS RESPONDENTS, AND VENUE IS PROPER IN THIS DISTRICT. ...................................................... 2

III.  ARGUMENT............................................................................................................. 3

    A.    The Federal Arbitration Act Strongly Favors The Enforcement Of Agreements To Arbitrate. ........................................................................ 4

    B.    The FAA Applies To The Contract Between The Respondents And GeoEx. ................................................................................................. 5

    C.    The Respondents Should Be Compelled To Arbitrate Because There Is No Question That Jason Lhotka And Sandra Menefee Signed The Contract Containing The Arbitration Provision, The Arbitration Provision Clearly Encompasses Their Claims, And They Have Refused To Arbitrate. ...................................................................... 6

        1.    The Respondents Concede That Jason Lhotka And Sandra Menefee Signed The Contract Containing The Arbitration Clause. ................................................................... 7

        2.    The Respondents' Claims Fall Within The Scope Of The Arbitration Clause.................................................................. 7

        3.    The Respondents Have Refused To Arbitrate, And GeoEx Has Not Waived Its Contractual Right To Arbitrate. ................... 9

    D.    To Ensure The Effectiveness Of Its Order To Compel Arbitration, This Court Should Order That The State Court Action Be Stayed......................... 10

IV.  CONCLUSION........................................................................................................ 11

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3
**Cases**

4
*Bischoff v. DirectTV*
5
   180 F. Supp. 2d 1097 (C.D. Cal. 2002) ........................................................................ 12

6
*Bosinger v. Phillips Plastics Corp.*
   57 F. Supp. 2d 986 (S.D. Cal. 1999)....................................................................... 5, 12

7
*Burton v. Jack Atcheson & Sons, Inc.*
   Case No. 990906454, Minute Entry (Utah Dist. Ct., Salt Lake Co. Oct. 19,
8
   1999) ........................................................................................................................ 10

9
*Carnival Cruise Lines, Inc. v. Shute*
   499 U.S. 585, 111 S. Ct. 1522, 113 L.Ed.2d 622 (1991).......................................... 10
10

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.*
11
   207 F.3d 1126 (9th Cir. 2000) ........................................................................... 4, 7, 12

12
*CitiFinancial, Inc. v. Murray*
   340 F. Supp. 2d 743 (S.D. Miss. 2004) ................................................................... 13
13

*Dean Witter Reynolds, Inc. v. Byrd*
14
   470 U.S. 213, 84 L. Ed. 2d 158, 105 S. Ct. 1238 (1985)............................................ 5

15
*Doctor's Assocs. Inc. v. Stuart*
   85 F.3d 975 (2d Cir. 1996) .................................................................................... 3, 6
16

*Ferrari North Am, Inc. v. Crown Auto Dealerships, Inc.*
17
   1995 U.S. Dist. LEXIS 153556 (S.D.N.Y. 1995), *aff'd without op.*, 101 F.3d
   686 (2d Cir. 1996).................................................................................................... 12
18

*Global Travel Marketing, Inc. v. Shea*
19
   908 So. 2d 392 (Fla. 2005) ....................................................................................... 9

20
*Goldner v. Abercrombie & Kent Int'l, Inc.*
   Case No. BC183207, slip op. (Cal. Super. Ct., Los Angeles Co. June 1,
21
   1998) ......................................................................................................................... 9

22
*Green Tree Financial Corp.-Alabama v. Randolph*
   531 U.S. 79, 121 S.Ct. 513 (2000)............................................................................ 6
23

*Howard Elec. & Mech. Co. v. Frank Briscoe Co.*
24
   754 F.2d 847 (9th Cir. 1985) .................................................................................. 4, 8

25
*Howsam v. Dean Witter Reynolds, Inc.*
   537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002)................................................ 7
26

*Hunt v. Mobil Oil Corp.*
27
   557 F. Supp. 368 (S.D.N.Y. 1983), *aff'd without op.*, 742 F.2d 1438 (2d Cir.
   1983)................................................................................................................... 11, 13
28

-ii-

1      **TABLE OF AUTHORITIES (cont.)**

2                                                                              **Page(s)**

3   *In the Matter of the Arbitration between Burger Chef Sys., Inc. v. Baldwin Inc.*
        365 F. Supp. 1229 (S.D.N.Y. 1973) ................................................................. 13
4

    *In the Matter of the Arbitration between H & M Charters, Inc. v. Reed*
5       757 F. Supp. 859 (S.D. Ohio 1991) ................................................................. 13

6   *In the Matter of the Arbitration between Necchi Sewing Machine Sales Corp. and*
        *Carl*
7       260 F. Supp. 665 (S.D.N.Y. 1966) ......................................................... 11, 12, 13

8   *In the Matter of the Arbitration between Network Cinema Corp. v. Glassbur*
        357 F. Supp. 169 (S.D.N.Y. 1973) ............................................................ 12, 13
9

    *In the Matter of the Arbitration between Nuclear Elec. Ins. Ltd. and Central Power*
10      *and Light Co.*
        926 F. Supp. 428 (S.D.N.Y. 1996) ............................................................ 11, 13
11

    *ITT Consumer Financial Corp. v. Wilson*
12      1991 U.S. Dist. LEXIS 21005, *20-*22 (S.D.Miss. 1991) ....................... 12, 13

13  *Marchese v. Shearson Hayden Stone, Inc.*
        734 F.2d 414 (9th Cir. 1984) ......................................................................... 5
14

    *Mehler v. Terminex Int'l Co.*
15      205 F.3d 44 (2d Cir. 2000) ............................................................................ 9

16  *Milgrim v. Backroads, Inc*
        142 F. Supp. 2d  471 (S.D.N.Y. 2001), *aff'd,* 91 Fed. Appx. 702, 2002 U.S.
17      App. LEXIS 12367 (2d Cir. June 21, 2002) ................................................ 9

18  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp*
        460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983) ................... 4, 5, 6, 8
19

    *Pervel Indus., Inc. v TM Wallcovering, Inc.*
20      675 F. Supp. 867 (S.D.N.Y. 1987), *aff'd,* 871 F.2d 7 (2d Cir. 1989) .......... 11, 13

21  *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*
        388 U.S. 395, 87 S. Ct. 1801, 18 L.Ed.2d 1270 (1967) ............................... 7, 9
22

    *Radtke v. Hawaiian Isle Adventures, Inc.*
23      Civil No. 00-1-1236-04 (VSM), slip op. (Haw. Cir. Ct., 1st Cir. June 6, 2001) .... 9

24  *Ramirez v. Cintas Corp.*
        2005 U.S. Dist. LEXIS 9237 (N.D. Cal. March 22, 2005) ............................ 12
25

    *Reliance National Ins. Co. v. Seismic Risk Ins. Servs., Inc.*
26      962 F. Supp. 385  (S.D.N.Y. 1997) ................................................................. 13

27  *Republic of Nicaragua v. Standard Fruit Co.*
        937 F.2d 469 (9th Cir. 1991) ................................................................. 5, 7, 12
28

-iii-

1

# TABLE OF AUTHORITIES (cont.)

2

**Page(s)**

3

*Ripkey v. Beard*
    Civil No. 99-00353 SOM, slip op. (D. Haw. Aug. 27, 1999)............................................. 10

4

*Southland Corp. v. Keating*
    465 U.S. 1, 104 S. Ct. 852, 79 L.Ed.2d 1 (1984 ................................................................. 5, 6

5

6

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*
    363 U.S. 574, 80 S. Ct. 1347, 4 L.Ed.2d 1409 (1960)........................................................ 5

7

*Wilmot v. McNabb*
    269 F. Supp. 2d 1203 (N.D. Cal. 2003) .......................................................................... 12

8

9

**Statutes**

10

Anti-Injunction Act, 28 U.S.C. § 2283 ........................................................................... 10

11

Federal Arbitration Act, 9 U.S.C. section 1 ................................................................... 4, 6

12

Federal Arbitration Act, 9 U.S.C. section 2 .................................................................... 4

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE

500381.1
2946-3.1560

1    The petitioner, Geographic Expeditions, Inc. ("GeoEx"), requests the Court to enter:  (1) an
2  order under section 4 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, compelling the
3  respondents to arbitrate any disputes they may have with the petitioner because of a valid and fully
4  enforceable arbitration provision in the contract between the parties; and (2) an order under 28
5  U.S.C. § 2283, the Anti-Injunction Act, staying a California state court action that the respondents
6  have filed against the petitioner, *The Estate of Jason Lhotka, by Elena Lhotka, executrix; Elena*
7  *Lhotka; Nicholas Lotka, by his guardian ad litem; Elena Lhotka; and Sandra Menefee v.*
8  *Geographic Expeditions, Inc., also doing business as Innerasia Travel Group; and Does 1 through*
9  *50,* San Francisco County Superior Court, Case No. CGC-08-477496.

10    The Petition and this supporting memorandum are based on facts set forth in a declaration
11  of the president of GeoEx, James Sano; a declaration of counsel for GeoEx, Craig S. Harwood; and
12  a Notice of Lodging containing LEXIS opinions, slip opinions, and a Florida state court case.
13  GeoEx is filing with the Petition a motion to stay the state court action.

14  **I.    FACTS**

15    The petitioner, GeoEx, a defendant in the state court action, is a California corporation.
16  (Declaration of James San ("Sano Dec.") ¶ 2.)  Its headquarters and principal place of business are
17  at 1008 General Kennedy Avenue, San Francisco, California.  *Id.*  GeoEx is a tour operator
18  specializing in adventure and cultural travel to destinations throughout the world. *Id.* ¶ 3.  The tour
19  that Jason Lhotka and his mother, Sandra Menefee took was GeoEx's "The Real Kilimanjaro"
20  hiking trek to the peak of Mount Kilimanjaro, which was scheduled for September 22, 2007
21  through October 8, 2007. *Id.*

22    In their First Amended Complaint in the state court action, Ex. B to the Declaratino of Craig
23  S. Harwood ("Harwood Dec."), the respondents and the other plaintiffs allege that on or about
24  October 4, 2007, Jason Lhotka died as a result of complications he suffered during his climb.

25    As part of their registration for the trip, Jason Lhotka and Sandra Menefee each signed a
26  GeoEx contract containing various contractual provisions, and returned their signed contracts to
27  GeoEx's offices.   Sano Dec. ¶¶ 4-5 and Exs. A & B.   The contract included the following
28  arbitration provision:

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

-1-

Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION
500381.1
2946-3.1560

1
2
3
4
5

> I agree that in the unlikely event a dispute of any kind arises between me and GeoEx, the following conditions will apply: (a) the dispute will be submitted to a neutral third-party mediator in San Francisco, California, with both parties splitting equally the costs of such mediator. If the dispute cannot be resolved through mediation, then (b) the dispute will be submitted for binding arbitration to the American Arbitration Association in San Francisco, California; (c) the dispute will be governed by California law; . . .

6    *Id.* and Exs. A & B to it, 2nd page, 3rd from last para.

7    In spite of this clear agreement to arbitrate, the respondents filed their action against GeoEx

8    in the San Francisco Superior Court. Sano Dec. ¶ 9; Harwood Dec. ¶ 4 and Ex. B.

9    GeoEx first became aware of the respondents' action when its was served with the original

10   Complaint on July 21, 2008. *Id.* On July 23, 2008, GeoEx's attorney wrote to the respondents'

11   counsel to state that GeoEx had received a copy of the Complaint, that it was asserting its demand

12   for arbitration as provided in the contract, and that GeoEx sought dismissal of the Complaint in

13   favor of arbitration. Harwood Dec. ¶ 3 and Ex. A.

14   The respondents refused to proceed to arbitration and to agree to stay their state court

15   action. *Id.* ¶ 4. After the respondents refused to arbitrate, GeoEx responded to the First Amended

16   Complaint they had filed in the California state court action by filing on September 15, 2008, a

17   motion to dismiss or, in the alternative, to stay the action and to compel arbitration. *Id.* That

18   motion was originally set for hearing on October 20, 2008, but the parties have agreed to move the

19   date for the hearing to November 18, 2008. *Id.*

20   The respondents continue to refuse to proceed to an arbitration or to stay their state court

21   action. *Id.* ¶ 5.

22   **II.   THIS COURT HAS SUBJECT MATTER JURISDICTION AND PERSONAL**
23   **JURISDICTION OVER THIS RESPONDENTS, AND VENUE IS PROPER IN THIS DISTRICT.**

24   This Court has subject matter jurisdiction over this matter under 28 U.S. C. § 1332(a)

25   because there is complete diversity of citizenship between the parties, and the amount in

26   controversy exceeds $75,000, exclusive of costs and interest.

27   The First Amended Complaint in the state court action (Ex. B to Harwood Dec.) does not

28   state the citizenship or even residence of the respondents (two of the plaintiffs in that action), but in

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

-2-

1   applying for the trip, Jason Lhotka stated he was a resident of Grand Junction, Colorado and Sandra

2   Menefee stated that she was a resident of Breckenridge, Colorado.  Sano Dec. ¶¶ 4-5.

3          In the First Amended Complaint, the respondents do not allege the amount of the damages

4   they are requesting, but they allege damages that reasonably would exceed the threshold for

5   diversity jurisdiction under 28 U.S.C. § 1332(a), $75,000 exclusive of interest and costs.   In

6   particular, they request damages for the alleged wrongful death of Jason Lhotka, who at the time of

7   the trip was 37 years old, was married, and had at least one minor dependent.[1]  GeoEx therefore has

8   a reasonable, good-faith belief that the damages exceed $75,000, exclusive of interest and costs.

9          This Court has personal jurisdiction over the respondents.  First, the respondents consented

10  to personal jurisdiction by signing the GeoEx contract, which contained the arbitration clause

11  specifying San Francisco as the place of arbitration.  Venue is proper in this district for the same

12  reason.  Parties who agreed to arbitrate in a particular jurisdiction are held to have consented to

13  both personal jurisdiction and venue of the courts within that jurisdiction.  *Doctor's Assocs. Inc. v.*

14  *Stuart,* 85 F.3d 975, 983 (2d Cir. 1996).

15         The respondents also have had contacts with California sufficient to confer personal

16  jurisdiction over them here.  GeoEx required that tour participants sign the contract in order to take

17  part in the trip.  Sano Dec. ¶ 6.  As the contract itself explains, GeoEx does not accept a tour

18  participant for a trip until it receives the signed contract at its office, reviews it, and determines that

19  the tour participant has filled it out fully and signed it.  *Id.*  In addition to entering into a contract

20  with GeoEx that GeoEx accepted in California, the respondents also have availed themselves of the

21  privilege of the California judicial system by filing their state court action against GeoEx in the San

22  Francisco County Superior Court.

23  **III.    ARGUMENT**

24         The arbitration provision in the contract that Jason Lhotka and Sandra Menefee signed

25

26  [1] They also allege damages for loss of consortium for his wife and his son;  damages for fraud,
    intentional misrepresentation, gross negligence, and intentional infliction of emotional distress; for

27  special damages under consumer fraud statutes; for exemplary damages under consumer fraud
    statutes; and for damages for funeral, medical, and burial expenses.

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-3-
Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION
500381.1
2946-3.1560

1 states that if a dispute "of any kind" arises between the signatory and GeoEx, "the dispute will be
2 submitted for binding arbitration to the American Arbitration Association in San Francisco,
3 California." *See* Sano Dec.¶ 7 and Exs. A & B, 2nd page, 3rd from final para. (emphasis added).
4 The Federal Arbitration Act requires that this clear agreement to arbitrate be enforced.

5    **A.    The Federal Arbitration Act Strongly Favors the Enforcement of Agreements
           to Arbitrate.**
6

7        Under section 2 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), arbitration
8 agreements are generally valid and enforceable:

9           A written provision in any maritime transaction or a contract
            evidencing a transaction involving commerce to settle by arbitration
10          a controversy thereafter arising out of such contract or transaction . . .
            shall be valid, irrevocable, and enforceable, save upon such grounds
11          as exist at law or in equity for the revocation of any contract.

12 9 U.S.C. § 2.

13       Because of the strong policy of section 2 and the FAA in general of enforcing arbitration
14 agreements, "any doubts concerning the scope of arbitrable issues should be resolved in favor of
15 arbitration, whether the problem at hand is the construction of the contract language itself or an
16 allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v.*
17 *Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L.Ed.2d 765 (1983). *See also*
18 *Chiron Corp. v. Ortho Diagnostic Systems, Inc.,* 207 F.3d 1126, 1131 (9th Cir. 2000); *Howard Elec.*
19 *& Mech. Co. v. Frank Briscoe Co.,* 754 F.2d 847, 849-50 (9th Cir. 1985).

20       The FAA "leaves no place for the exercise of discretion by a district court, but instead
21 mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which
22 an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218,
23 84 L. Ed. 2d 158, 105 S. Ct. 1238 (1985); *Republic of Nicaragua v. Standard Fruit Co.,* 937 F.2d
24 469, 476 (9th Cir. 1991) (because mandatory language of § 4 leaves little discretion to district court,
25 standard for demonstrating arbitrability is not high). A court may not deny a party's request to
26 arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not
27 susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America*
28 *v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83, 80 S. Ct. 1347, 1353, 4 L.Ed.2d 1409

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW
500381.1
2946-3.1560

-4-
Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION

1  (1960).  *See also Marchese v. Shearson Hayden Stone, Inc.,* 734 F.2d 414, 419 (9th Cir. 1984);

2  *Bosinger v. Phillips Plastics Corp.,* 57 F. Supp. 2d 986, 990 (S.D. Cal. 1999).

3       The FAA permits " 'parties to an arbitrable dispute [to move] out of court and into

4  arbitration as quickly and easily as possible.'" *Southland Corp. v. Keating,* 465 U.S. 1, 7, 104 S.

5  Ct. 852, 858-61, 79 L.Ed.2d 1 (1984) (quoting *Moses H. Cone Memorial Hosp.,* 460 U.S. at 24).

6  "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort

7  to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by

8  contracting for arbitration, sought to eliminate." *Id.*  The "statutory policy [is] rapid and

9  unobstructed enforcement of arbitration agreements." *Moses H. Cone Memorial Hosp.,* 460 U.S. at

10 23. "[T]he policy of the Arbitration Act requires a liberal reading of arbitration agreements. As a

11 result, some issues that might be thought relevant to arbitrability are themselves arbitrable–further

12 speeding the procedure under §§ 3 and 4." *Id.* at 23 n.27.

13      The party resisting arbitration bears the burden of establishing a genuine issue that would

14 prevent enforcement of the agreement to arbitrate.  *Green Tree Financial Corp.-Alabama v.*

15 *Randolph,* 531 U.S. 79, 91, 121 S.Ct. 513, 522 (2000).

16      The FAA creates "a body of federal substantive law of arbitrability" and represents "a

17 liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or

18 procedural policies to the contrary." *Moses H. Cone Memorial Hosp.,* 460 U.S. at 24, 103 S. Ct. at

19 941.  *See also Doctor's Assocs., Inc. v. Distajo,* 107 F.3d 126, 130 (2d Cir. 1997).  Accordingly,

20 the FAA preempts state arbitration laws; both its principles and its rules apply in all federal and

21 state courts construing contracts to arbitrate touching on interstate commerce. *Southland Corp.,*

22 465 U.S. at 10-16, 104 S. Ct. at 858-61, 79 L.Ed.2d 1.[2]

23      **B.    The FAA Applies to the Contract Between the Respondents and GeoEx.**

24      Section 2 of the FAA requires that the agreement to arbitrate involve "commerce."  The

25 ─────────────

26 [2] The preemption is broad; any state arbitration act that treats contracts to arbitrate specially or differently from contracts generally is pre-empted if, as applied, the law is inconsistent with the FAA, even if the state law may be said to favor arbitration. *See Doctor's Assocs., Inc. v.*

27 *Casarotto,* 517 U.S. 681, 116 S. Ct. 1652, 134 L.Ed.2d 902 (1996).

28

Walsworth, Franklin, Bevins & McCall, LLP ATTORNEYS AT LAW

-5-
Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION
500381.1
2946-3.1560

1   FAA defines "commerce," in part, as "commerce among the several States or with foreign nations.

2   . . ." 9 U.S.C. § 1. The GeoEx contract related to a hiking tour organized by a California

3   corporation to Mount Kilimanjaro in Tanzania. Sano Dec. ¶¶ 2-3. GeoEx sells its tours to

4   residents throughout this country, *id.* ¶ 3, including to Jason Lhotka and Sandra Menefee, who were

5   residents of Colorado at all relevant times. *Id.* ¶¶ 4-5. The GeoEx contract containing the

6   arbitration clause implicates the FAA because the contract related to the provision of services

7   across international boundaries and involved interstate commerce between a California corporation

8   and Colorado residents. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 401,

9   87 S. Ct. 1801, 1804-05, 18 L.Ed.2d 1270 (1967).

10          **C.     The Respondents Should Be Compelled to Arbitrate Because There Is No
                     Question That Jason Lhotka and Sandra Menefee Signed the Contract**
11                   **Containing the Arbitration Provision, the Arbitration Provision Clearly**
                     **Encompasses Their Claims, and They Have Refused to Arbitrate.**
12

13          Under section 4 of the FAA,[3] in ruling on a petition to compel arbitration, the court may

14   inquire only as to: (1) whether there is a valid agreement to arbitrate; and, if there is, (2) whether

15   the agreement encompasses the dispute at issue. *Chiron Corp.*, 207 F.3d at 1130. If the answers

16   are affirmative on both issues, then the FAA requires the court to enforce the agreement to

17   arbitrate. *Id.*

18          In ruling on the petition to compel, the court should not address the merits of the underlying

19   dispute. *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491

20   _____

21   [3] Section 4 states:

22                   A party aggrieved by the alleged failure, neglect, or refusal of
                     another to arbitrate under a written agreement for arbitration may
23                   petition any United States district court which, save for such
                     agreement, would have jurisdiction under Title 28 [28 U.S.C. § 1 et
24                   seq.], in a civil action or in admiralty of the subject matter of a suit
                     arising out of the controversy between the parties, for an order
25                   directing that such arbitration proceed in the manner provided for in
                     such agreement. . . . The court shall hear the parties, and upon being
26                   satisfied that the making of the agreement for arbitration or the
                     failure to comply therewith is not in issue, the court shall make an
27                   order directing the parties to proceed to arbitration in accordance
                     with the terms of the agreement. . . .
28

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

                                                -6-
                                        Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION
500381.1
2946-3.1560

1  (2002); *Republic of Nicaragua,* 937 F.2d at 476, 478.

2      Because, as we discuss next, it is clear that there is an agreement to arbitrate, that the

3  respondents' claims fall within the scope of the arbitration clause, and that the respondents have

4  refused to arbitrate, GeoEx's petition to compel must be granted.

5      1.      The Respondents Concede That Jason Lhotka And Sandra Menefee Signed
              The Contract Containing The Arbitration Clause.

6

7      It is indisputable that there is an agreement to arbitrate. Jason Lhotka and Sandra Menefee

8  each signed a copy of the GeoEx contract containing the arbitration clause and returned it to

9  GeoEx. Sano Dec. ¶¶ 4-5 and Exs. A & B to it. The respondents do not dispute that Jason Lhotka

10  and Sandra Menefee signed the contract.

11      2.      The Respondents' Claims Fall Within the Scope of the Arbitration Clause.

12      The arbitration provision states that if "a dispute of any kind" arises between the signatories

13  and GeoEx, "<u>the dispute will be submitted for binding arbitration to the American Arbitration</u>

14  <u>Association in San Francisco, California.</u>" Sano Dec. ¶ 7 and Exs. A & B to it, 2nd page, 3rd from

15  last para. (emphasis added). The First Amended Complaint in the state court action (Ex. B to

16  Harwood Dec.) seeks damages, under various theories of liability, for GeoEx's allegedly wrongful

17  conduct in advertising, planning, and operating the September 22, 2007 Real Kilimanjaro tour.

18  That action is clearly a "dispute" that has arisen between Jason Lhotka's estate, Sandra Menefee,

19  and GeoEx, and therefore the respondents should be compelled to proceed to arbitration.

20      The broad language of the arbitration provision encompasses the various causes of action in

21  the First Amended Complaint seeking redress for GeoEx's allegedly wrongful acts in relation to the

22  trip, so all of the respondents' claims must be arbitrated.[4]

23      This language is essentially indistinguishable from what the U.S. Supreme Court called a

24  "broad arbitrations clause" in upholding the grant of a motion to stay pending arbitration:

25

26  [4] At any rate, questions about the meaning of the arbitration clause should be resolved in favor or
    arbitration and should be resolved by the arbitrator. *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-
27  25; *Howard Elec.*, 754 F.2d at 850.

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-7-

Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION

500381.1
2946-3.1560

1             Any controversy or claim arising out of or relating to this Agreement,
2             or the breach thereof, shall be settled by arbitration in the City of
           New York, in accordance with the rules then obtaining of the
3             American Arbitration Association.

4   *Prima Paint,* 388 U.S. at 398. The Court held that this language was "easily broad enough to

5   encompass" a claim that the contract containing the arbitration clause was procured by fraud. *Id.* at

6   406. *See also Mehler v. Terminex Int'l Co.,* 205 F.3d 44, 49 (2d Cir. 2000) (clause requiring

7   arbitration of "any controversy or claim between [the parties] arising out of or relating to" the

8   contract was a "classically broad one" and "precisely the kind of broad arbitration clause that

9   justifies a presumption of arbitrability") (citations omitted).

10         Indeed, courts throughout the country enforce similar arbitration clauses in standard-form

11   contracts between travel providers and travelers in cases based on claims of injury or death during a

12   tour. *See, e.g., Global Travel Marketing, Inc. v. Shea,* 908 So. 2d 392 (Fla. 2005) (Ex. A)[5]

13   (enforcing arbitration agreement entered into by parent for claim of wrongful death of son who was

14   attacked by a hyena during African safari); *Milgrim v. Backroads, Inc.,* 142 F. Supp. 2d 471

15   (S.D.N.Y. 2001), *aff'd,* 91 Fed. Appx. 702, 2002 U.S. App. LEXIS 12367 (2d Cir. June 21, 2002)

16   (Ex. I) (tour operator's arbitration clause enforced and case dismissed; plaintiff injured by allegedly

17   defective bicycle tour operator provided her); *Goldner v. Abercrombie & Kent Int'l, Inc.,* Case No.

18   BC183207, slip op. (Cal. Super. Ct., Los Angeles Co. June 1, 1998) (Ex. B) (granting motion to

19   compel arbitration and staying case; plaintiff rendered paraplegic in flipping of vehicle during tour

20   in Western Desert of Egypt); *Radtke v. Hawaiian Isle Adventures, Inc.,* Civil No. 00-1-1236-04

21   (VSM), slip op. (Haw. Cir. Ct., 1st Cir. June 6, 2001) (Ex. C) (tour participant injured in fall from

22   cliff during hike in state park; arbitration clause enforced); *Burton v. Jack Atcheson & Sons, Inc.,*

23   Case No. 990906454, Minute Entry (Utah Dist. Ct., Salt Lake Co. Oct. 19, 1999) (Ex. D) (plaintiffs

24   disappointed by big-game hunt recommended by travel consultant; consultant's arbitration clause

25   enforced); *Ripkey v. Beard,* Civil No. 99-00353 SOM, slip op. (D. Haw. Aug. 27, 1999) (Ex. E)

26   _____

27   [5] We have included this Florida state court opinion as well as slip opinions and opinions from
LEXIS as exhibits in the accompanying Notice of Lodging.

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

-8-

Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION
500381.1
2946-3.1560

1  (case stayed pending arbitration; claim of head injury caused by defective bicycle tour operator

2  provided).

3      Arbitration benefits the parties for reasons similar to those the United States Supreme Court

4  gave in upholding a forum-selection clause printed on a standard form cruise ticket:

> First, a cruise line has a special interest in limiting the fora in which
> it potentially could be subject to suit. Because a cruise ship typically
> carries passengers from many locales, it is not unlikely that a mishap
> on a cruise could subject the cruise line to litigation in several
> different fora. . . . Additionally, a clause establishing <u>ex ante</u> the
> forum for dispute resolution has the salutary effect of dispelling any
> confusion about where suits arising from the contract must be
> brought and defended, sparing litigants the time and expense of
> pretrial motions to determine the correct forum and conserving
> judicial resources that otherwise would be devoted to deciding these
> motions. . . . Finally, it stands to reason that passengers who
> purchase tickets containing a forum clause like that at issue in this
> case benefit in the form of reduced fares reflecting the savings that
> the cruise line enjoys by limiting the fora in which it may be sued.

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94, 111 S. Ct. 1522, 1527, 113 L.Ed.2d 622

(1991).

　　　　3.　　The Respondents Have Refused to Arbitrate, and GeoEx Has Not Waived Its
　　　　　　　Contractual Right to Arbitrate.

　　GeoEx has not waived its right to arbitrate. Rather, two days after GeoEx was served with

the Complaint in the San Francisco Superior Court action, its counsel wrote a letter to the

respondents' counsel demanding that the respondents stay their action and proceed to arbitration.

Harwood Dec. ¶ 3 and Ex. A to it. When the respondents failed to do so, GeoEx filed a motion to

compel arbitration and to stay the case. *Id.* ¶ 4. The parties have agreed to move the date for the

hearing on that motion to November 18, 2008. *Id.* GeoEx promptly and repeatedly demanded

arbitration, and has consistently defended its contractual right to arbitration. The respondents still

refuse to arbitrate or to stay their action. *Id.* ¶ 5.

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-9-
Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION
500381.1
2946-3.1560

1      **D.      To Ensure The Effectiveness of Its Order to Compel Arbitration, This Court
2              Should Order That the State Court Action Be Stayed.**

3          The Anti-Injunction Act, 28 U.S.C. § 2283,[6] allows a federal court to stay proceedings in a

4    state court if the stay or injunction is "necessary in aid of jurisdiction," *Pervel Indus., Inc. v TM*

5    *Wallcovering, Inc.*, 675 F. Supp. 867, 870 (S.D.N.Y. 1987), *aff'd*, 871 F.2d 7 (2d Cir. 1989); *Hunt*

6    *v. Mobil Oil Corp.*, 557 F. Supp. 368, 372 & n.13 (S.D.N.Y. 1983), *aff'd without op.*, 742 F.2d

7    1438 (2d Cir. 1983), or necessary "to protect or effectuate" the court's judgment. *In the Matter of*

8    *the Arbitration between Necchi Sewing Machine Sales Corp. and Carl*, 260 F. Supp. 665, 669

9    (S.D.N.Y. 1966).

10         An order staying a state court action is necessary to "protect" or "effectuate" the order or

11   judgment compelling the respondent to arbitrate. *In the Matter of the Arbitration between Nuclear*

12   *Elec. Ins. Ltd. and Central Power and Light Co.*, 926 F. Supp. 428, 436 (S.D.N.Y. 1996); *ITT*

13   *Consumer Financial Corp. v. Wilson*, 1991 U.S. Dist. LEXIS 21005, *20-*22 (S.D.Miss. 1991)

14   (Ex. F); *Necchi Sewing Machine*, 260 F. Supp. at 669; *In the Matter of the Arbitration between*

15   *Network Cinema Corp. v. Glassburn*, 357 F. Supp. 169, 172 (S.D.N.Y. 1973).

16         Because of the clear language of the FAA and the strong federal policy of encouraging

17   arbitration, federal courts routinely grant petitions to compel arbitration under section 4 and related

18   requests to stay court proceedings, including proceedings in state courts. *See, e.g., Chiron Corp. v.*

19   *Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (affirming order to compel

20   arbitration); *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469 (9th Cir. 1991) (reversing

21   denial of motion to compel arbitration); *Ramirez v. Cintas Corp.*, 2005 U.S. Dist. LEXIS 9237

22   (N.D. Cal. March 22, 2005) (Ex. G) (granting motion to compel arbitration and motion to stay);

23   *Wilmot v. McNabb*, 269 F. Supp. 2d 1203 (N.D. Cal. 2003) (granting motion to compel arbitration);

24

25   [6] Section 2283, "Stay of State court proceedings," reads:

26             A court of the United States may not grant an injunction to stay
                proceedings in a State court except as expressly authorized by Act of
27             Congress, or where necessary in aid of its jurisdiction, or to protect or
                effectuate it judgments
28

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

                                                    -10-
                                            Case No.
500381.1    MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION
2946-3.1560

1   *Bischoff v. DirectTV*, 180 F. Supp. 2d 1097 (C.D. Cal. 2002) (granting motion to compel and

2   motion to stay); *Bosinger v. Phillips Plastics Corp.*, 57 F. Supp. 2d 986, 990 (S.D. Cal. 1999)

3   (granting motion to stay).[7]

4   **IV.   CONCLUSION**

5          The arbitration provision in the contract Jason Lhotka and Sandra Menefee signed states

6   that "any dispute" between GeoEx and the tour participant must be resolved through arbitration, yet

7   the respondents refuse to arbitrate.   Under the FAA, these facts require the Court to order the

8   respondents to arbitrate.   To uphold its order compelling the arbitration, the Court should order that

9   ///

10  ///

11  ///

12  ///

13  ///

14

15  [7] *See also Ferrari North Am, Inc. v. Crown Auto Dealerships, Inc.*, 1995 U.S. Dist. LEXIS 153556

16  (S.D.N.Y. 1995) (Ex. H), *aff'd without op.*, 101 F.3d 686 (2d Cir. 1996) (granting petition to
    compel arbitration and motion to stay Florida administrative proceeding); *Pervel Indus., Inc. v TM*
    *Wallcovering, Inc.*, 675 F. Supp. 867 (S.D.N.Y. 1987), *aff'd*, 871 F.2d 7 (2d Cir. 1989) (granting

17  petition to compel arbitration and to stay Tennessee state court action); *Hunt v. Mobil Oil Corp.*,
    557 F. Supp. 368 (S.D.N.Y.), *aff'd without op.*, 742 F.2d 1438 (2d Cir. 1983) (granting defendant's

18  motion that plaintiffs be directed to continue with arbitration and enjoined from proceeding with
    state court action to vacate judgment of arbitration panel); *CitiFinancial, Inc. v. Murray*, 340 F.

19  Supp. 2d 743 (S.D. Miss. 2004) (granting motion for summary judgment to compel arbitration and
    motion for stay of Mississippi state court action); *Reliance National Ins. Co. v. Seismic Risk Ins.*

20  *Servs., Inc.*, 962 F. Supp. 385 (S.D.N.Y. 1997) (granting petition to compel arbitration and motion
    to stay California state court action); *In the Matter of the Arbitration between Nuclear Elec. Ins.*

21  *Ltd. and Central Power and Light Co.*, 926 F. Supp. 428 (S.D.N.Y. 1996) (granting petition to
    compel arbitration and to enjoin Texas state court action); *ITT Consumer Financial Corp. v.*

22  *Wilson*, 1991 U.S. Dist. LEXIS 21005 (S.D. Miss. 1991) (Ex. F) (granting motion to compel and to
    enjoin Mississippi state court action); *In the Matter of the Arbitration between H & M Charters,*

23  *Inc. v. Reed*, 757 F. Supp. 859, 864 (S.D. Ohio 1991) (ordering arbitration and stay of Florida state
    court action under FAA or Anti-Injunction Act); *In the Matter of the Arbitration between Burger*

24  *Chef Sys., Inc. v. Baldwin Inc.*, 365 F. Supp. 1229 (S.D.N.Y. 1973) (granting petitioner's motions
    to compel respondents to proceed with an arbitration the parties had previously commenced and to

25  enjoin respondents from continuing with a declaratory judgment suit in Michigan); *In the Matter of*
    *the Arbitration between Network Cinema Corp. v. Glassburn*, 357 F. Supp. 169 (S.D.N.Y. 1973)

26  (granting petition to compel and to stay Kansas state court action); *In the Matter of the Arbitration*
    *between Necchi Sewing Machine Sales Corp. and Carl*, 260 F. Supp. 665 (S.D.N.Y. 1966)

27  (granting petition to compel arbitration and to stay Oklahoma state court action).

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

-11-

Case No.
MEMO OF P&As IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION
500381.1
2946-3.1560

1 | the state court action be stayed pending completion of the arbitration and that the respondents be

2 | enjoined from proceeding with it.

3 | Dated: October ___, 2008

WALSWORTH FRANKLIN BEVINS & McCALL, LLP

By: _Laurie E. Sherwood_____

LAURIE E. SHERWOOD
ALEX PEVZNER
Attorneys for Defendant
GEOGRAPHIC EXPEDITIONS, INC.

-and-

*Of counsel:*
Rodney E. Gould, State Bar No. 238877
RUBIN, HAY & GOULD, P.C.

Attorneys for the Petitioner, GEOGRAPHIC
EXPEDITIONS, INC.

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*