IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOGRAPHIC EXPEDITIONS, INC., | No. C 08-04624 SI |
| Petitioner, | **ORDER DENYING PETITION TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION** |
| v. | |
| THE ESTATE OF JASON LHOTKA by ELENA LHOTKA, executrix; and SANDRA MENEFEE, | |
| Respondents. | |

On December 12, 2008, the Court heard oral argument on petitioner's petition to compel arbitration and to stay the state court action. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the petition is DENIED.

**BACKGROUND**

On July 14, 2008, respondents Sandra Menefee and the estate of Jason Lhotka filed a complaint in San Francisco Superior Court alleging claims against petitioner Geographic Expeditions, Inc. ("GeoEx"). GeoEx is a California company and has its principal place of business in San Francisco. Respondents' underlying claims in state court arise from a series of events on Mount Kilimanjaro in Tanzania, Africa in October, 2007. Respondents allege that Jason Lhotka and his mother, Sandra Menefee, bought a trekking expedition from GeoEx to climb Mount Kilimanjaro, and that Lhotka died due to deficient equipment and medical care provided by GeoEx employees. *See* First Amended Complaint, Decl. of David Bennion in Supp. of Opp. to GeoEx Application for Order Shortening Time, at ex. 1. [Docket No. 17] Before leaving for Tanzania, Lhotka and Menefee signed agreements with

GeoEx that include the following provisions:

> I agree that in the unlikely event a dispute of any kind arises between me and GeoEx, the following conditions will apply: (a) the dispute will be submitted to a neutral third-party mediator in San Francisco, California, with both parties splitting equally the costs of such mediator. If the dispute cannot be resolved through mediation, then (b) the dispute will be submitted for binding arbitration to the American Arbitration Association in San Francisco, California; (c) the dispute will be governed by California law; and (d) the maximum amount of recovery to which I will be entitled under any and all circumstances will be the sum of the land and air cost of my trip with GeoEx. I agree that this is a fair and reasonable limitation on the damages, of any sort whatsoever, that I may suffer.

*See* Petition of GeoEx to Compel Arbitration and Stay the State Court Action, at exs. A & B. GeoEx argues that § b of this provision mandates that the dispute between respondents and GeoEx be referred to arbitration, while respondents maintain that the arbitration cannot be compelled because the agreement is procedurally and substantively unconscionable.

On September 15, 2008, GeoEx filed a motion in San Francisco Superior Court to dismiss the complaint or to stay the action and compel arbitration. *See* GeoEx Application for Order Shortening Time, at 2. [Docket No. 9] The motion was scheduled for hearing in state court on November 18, 2008. *See id.* On October 6, 2008, GeoEx filed a petition in this Court to compel arbitration and stay the state court action. [Docket No. 1] On October 13, 2008, GeoEx filed an application for an order from this Court to shorten time on GeoEx's October 6 motion, in order for the motion to be heard in this Court before the November 18, 2008 hearing in state court. [Docket No. 9] This Court denied GeoEx's motion to shorten time and calendared it for hearing on December 12, 2008. [Docket No. 16]

At the November 18, 2008 hearing in state court on GeoEx's motion to dismiss or compel arbitration, the Hon. Judge Patrick Mahoney adopted his tentative ruling and denied GeoEx's motion. *See* Decl. of David J. Bennion in Opposition to GeoEx Mot. to Stay, ¶ 4 ("Bennion Decl."). [Docket No. 22] In his tentative ruling, Judge Mahoney found that the arbitration agreement is unconscionable and that § b cannot be stricken because unconscionability permeates the substantive terms of the parties' agreement. *See* Bennion Decl., at ex. G. [Docket No. 23]

Now before the Court is GeoEx's petition to compel arbitration and stay the state court action, pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

2

## DISCUSSION

GeoEx claims that this Court has diversity jurisdiction over GeoEx's petition to compel arbitration and stay the state court action.[1] There is no dispute that there is complete diversity of citizenship between the parties; the parties disagree as to whether the amount of controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). When it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the proponent of federal jurisdiction bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Section 1332(a)'s amount in controversy requirement includes attorneys' fees. 28 U.S.C. § 1332(a); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

Respondents did not plead a specific amount of damages, so GeoEx bears the burden of establishing the amount in controversy meets the jurisdictional requirement. In deciding the question of jurisdiction, GeoEx urges the Court to consider only respondents' state-court complaint, in which respondents seek damages for the wrongful death of Lhotka, who at the time of his death was thirty-seven, married, and had a minor dependent at the time of his death. Respondents argue that the Court should also take into consideration the parties' contracts with GeoEx, which GeoEx submitted to the Court as exhibits A and B to its petition.

If the Court considers only the state-court complaint, it would appear that the amount in controversy in this wrongful death case exceeds the jurisdictional amount. If, however, the Court also considers the parties' contracts, which stipulates that the maximum recovery to which respondents are entitled is the sum of the land and air cost of their trip with GeoEx, it appears that the amount in

---

[1] The Federal Arbitration Act creates "a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 25 n.32 (1983).

3

controversy cannot exceed $16,831.[2] *See* Decl. of Sandra Menefee in Supp. of Resp. Opp. to GeoEx Application to Shorten Time, at ex. 1 (invoice of Menefee's payment to GeoEx of $16,831 for herself and Lhotka).

The anomaly in this case is that GeoEx argues that the parties' contract is valid and mandates arbitration, but also effectively asks the Court to ignore the provision of the same contract that limits respondents' recovery. The Court finds that GeoEx cannot both contend that the contract is valid and enforceable but is not relevant to the Court's determination as to whether it has jurisdiction. GeoEx cites no authority establishing that in a petition to compel arbitration, the Court should not consider, in addition to the complaint from the underlying dispute in state court, the materials submitted by the petitioner in support of the petition. Accordingly, the Court finds that GeoEx has not met its burden of establishing by a preponderance of the evidence that the amount of controversy in this case meets the jurisdictional threshold.[3]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court dismisses GeoEx's petition for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: 12/29/08

SUSAN ILLSTON
United States District Judge

---

[2] Respondents also seek recovery of attorneys' fees, but GeoEx alleges no facts establishing why attorneys' fees in this case would exceed approximately $58,000.

[3] The Court recognizes, as GeoEx argues, that the FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements," *see Moses Cone Mem'l Hosp.*, 460 at 24. The parties agree, however, that the of merits GeoEx's petition – whether the arbitration clause is unconscionable – is a matter to be decided under California law. This Court certainly has no greater expertise on that issue than the state court where respondents originally filed their complaint.

4