United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOGRAPHIC EXPEDITIONS INC., | No. C 08-04624 SI |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO STAY AND GRANTING RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| THE ESTATE OF JASON LHOTKA, by ELENA LHOTKA, executrix; and SANDRA MENEFEE, | |
| Respondents. | |

On August 13, 2010, the Court held a hearing on petitioner's motion to stay the state court action and respondents' cross-motion for judgment on the pleadings, or in the alternative, to stay this action. For the reasons set forth below, petitioner's motion is DENIED and respondents' motion is GRANTED.

## BACKGROUND[1]

This action arises out of a series of events that occurred on Mount Kilimanjaro in October 2007. Petitioner Geographic Expeditions ("GeoEx") leads guided recreational expeditions to various locations around the world. Respondents' decedent Jason Lhotka, who was 37 years old at the time, and his mother, Sandra Menefee, purchased tickets from GeoEx for an expedition to the summit of Mount Kilimanjaro. As a prerequisite for their participation in the trip, they signed a contract which included a provision requiring them to submit any dispute they might have with GeoEx to mediation, and in the event of the mediation's failure, to binding arbitration. The arbitration clause stated as follows:

---

[1] The Court draws the following background facts from the Ninth Circuit's decision in this case, *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102 (9th Cir. 2010).

> I agree that in the unlikely event a dispute of any kind arises between me and GeoEx, the following conditions apply: (a) the dispute will be submitted to a neutral third-party mediator in San Francisco, California, with both parties splitting equally the costs of such mediator. If the dispute cannot be resolved through mediation, then (b) the dispute will be submitted for binding arbitration to the American Arbitration Association in San Francisco, California; (c) the dispute will be governed by California law; and (d) the maximum amount of recovery to which I will be entitled under any and all circumstances will be the sum of the land and air cost of my trip with GeoEx. I agree that this is a fair and reasonable limitation on the damages, of any sort whatsoever, that I may suffer.

Sano Decl. Ex. 1 at 1, Ex. 2 at 2. It is undisputed that the "sum of the land and air cost" of respondents' trip – which represented their maximum recovery under the agreement – was $16,831. A letter from GeoEx president James Sano, which accompanied the limitation of liability and release form, explained that respondents' agreement to the exact terms was mandatory and that "our lawyers, insurance carriers, and medical consultants give us no discretion. A signed unmodified release form is required before any traveler may join one of our trips . . . . My review of other travel companies' release forms suggests that our forms are not a whole lot different from theirs." Menefee Decl. Ex. B, at 1.

The expedition commenced on September 29, 2007 and was to end on October 8, 2007. However, on October 1, 2007, Lhotka experienced a sudden onset of severe fatigue, symptomatic of high altitude sickness. Consequently, Lhotka told the lead expedition guide that he needed to return to the base camp and began his descent accompanied by an assistant guide. Although supplemental oxygen and an alternative rapid-descent route were available, contrary to proper protocol, GeoEx took neither of these emergency measures. On October 4, 2007, while making his descent, Lhotka died.

In July 2008, Lhotka's estate and survivors filed suit in the San Francisco County Superior Court ("Superior Court"), alleging, among other things, that GeoEx's negligence in failing to recognize and treat Mr. Lhotka's easily remediable high altitude sickness proximately resulted in his death. In September 2008, GeoEx filed in the Superior Court a motion to compel arbitration pursuant to the parties' arbitration agreement. In December 2008, the Superior Court denied GeoEx's motion on the grounds that the arbitration agreement was unconscionable and therefore unenforceable. GeoEx timely appealed, and on January 29, 2010, the California Court of Appeal affirmed the Superior Court's ruling, holding not only that the arbitration agreement was procedurally and substantively unconscionable, but that severing the disputed portions was an insufficient remedy. The Court of Appeal held that the agreement was permeated by unconscionability, and that arbitration was intended by GeoEx "'not

simply as an alternative to litigation, but as an inferior forum' that would give [GeoEx] an advantage." *Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. Rptr. 3d 844, 853 (Cal. Ct. App. 2010) (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 695 (Cal. 2000)). GeoEx petitioned the California Supreme Court for review, and the petition was denied on April 14, 2010. *See* RJN ISO Resp. Mot., Ex. 2. On July 13, 2010, GeoEx filed a petition for writ of certiorari with the United States Supreme Court, and the petition is currently pending. *See* United States Supreme Court Docket No. 10-88.

In October 2008, after filing its motion to compel arbitration in Superior Court, but before the Superior Court had ruled on the motion, GeoEx filed a federal petition to compel arbitration. This Court held that GeoEx failed to show federal jurisdiction by proving that the amount in controversy exceeded $75,000, given that the arbitration clause specifically limited damages to approximately $16,000. The Court dismissed GeoEx's petition for lack of jurisdiction. *See* Dec. 29, 2008 Order (Docket No. 31). GeoEx appealed and the Ninth Circuit reversed on March 11, 2010, finding that there was a reasonable possibility that GeoEx's damages limitation defense would fail in light of the state courts' ruling on unconscionability, and that this Court thus had subject matter jurisdiction. *Geographic Expeditions, Inc.*, 599 F.3d at 1106. The Ninth Circuit remanded the case to this Court for further proceedings.

GeoEx has now moved to stay the state action currently proceeding in Superior Court and for a ruling on the merits of its federal petition to compel arbitration. Respondents have filed a cross-motion for judgment on the pleadings, or in the alternative, for a stay of the instant federal proceedings pending the United States Supreme Court's disposition of GeoEx's cert petition. Respondents contend that, in light of the California courts' rulings on the unenforceability of the arbitration provision, GeoEx is collaterally estopped from bringing a motion to compel arbitration in federal court.

**DISCUSSION**

**I.   Motion to stay the state proceeding**

Petitioner has moved to stay the action pending in the Superior Court. Petitioner asserts that this Court has the authority to enjoin the state proceeding in this instance under the Anti-Injunction Act. The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a

1 State court" unless such an injunction is (1) expressly authorized by Act of Congress, (2) necessary in
2 the exercise of the federal court's jurisdiction, or (3) necessary to protect or effectuate its judgments.
3 28 U.S.C. § 2283. Courts must construe the three exceptions to the Anti-Injunction Act narrowly and
4 resolve doubts in favor of letting the state action proceed. *Kansas Pub. Emps. Ret. Sys. v. Reimer &*
5 *Koger Assocs., Inc.*, 77 F.3d 1063, 1068 (9th Cir. 1996). The Court agrees with respondents that the
6 Court lacks authority to stay the state action under the present circumstances.

7 First, the Federal Arbitration Act ("FAA") does not contain an express authorization for such
8 an injunction. Although Section 3 of the FAA empowers a federal court to stay an action in order to
9 enforce an arbitration agreement which is subject to the FAA, the statute expressly provides that a court
10 may only issue a stay of an action pending before it, as opposed to an action pending in another federal
11 court or in a state court. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of
12 the United States upon any issue referable to arbitration under an agreement in writing for such
13 arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such
14 suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the
15 parties stay the trial of the action until such arbitration has been had in accordance with the terms of the
16 agreement.").[2]

17 Second, a stay of the state proceedings is neither necessary to aid the Court in exercising its
18 jurisdiction over this case, nor to protect or effectuate any of its judgments. On the contrary, prior to
19 remanding the instant case to this Court, the Ninth Circuit held that, as compared to removal
20 jurisdiction, "[a] petition filed in federal court to compel arbitration is much less intrusive on state court
21 jurisdiction. In fact . . . it does not preclude the state action from proceeding in any way." *Geographic*
22 *Expeditions*, 599 F.3d at 1107 n.6; *cf. Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1379 (9th Cir.
23 1997) (declining to stay state proceeding despite its potential to have preclusive effects on a parallel
24 federal proceeding). In sum, petitioner has not persuaded the Court that any of the three narrow
25 exceptions enumerated in the Anti-Injunction Act applies in this case. The Court accordingly DENIES

---

[2] Although the Ninth Circuit does not appear to have addressed the issue, the Fifth Circuit has held that this section of the FAA, by its own terms, "does not authorize a federal court to enjoin ongoing state proceedings." *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 392 (5th Cir. 2006).

4

petitioner's motion to stay the pending action in the San Francisco County Superior Court.

## II.     Motion for judgment on the pleadings

Respondents move for judgment on the pleadings on the ground that petitioner is collaterally estopped from bringing a motion to compel arbitration in this Court because a final decision on the same claim has been rendered by the California courts. In the alternative, respondents move to stay this action until the United States Supreme Court has acted on petitioner's cert petition.

The preclusive effect of a state court judgment in a subsequent federal lawsuit is generally determined by the full faith and credit statute, which mandates that state judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. Federal courts may not employ their own preclusion rules; rather, the statute requires that a federal court accept the rules of the state in which the judgment is issued. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982)). The fact that a claim falls within the exclusive jurisdiction of the federal courts – such as the FAA claim at issue here – does not bar issue preclusion in federal court stemming from a prior state judgment. *See Kremer*, 456 U.S. at 470 n.20.

In determining whether a prior state judgment precludes the instant action from proceeding, the Court must ask whether the state action: (1) was decided on the merits, (2) was final, and (3) involved the same cause of action. *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (citing *Robi v. Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir. 1988)). Under California law, the level of finality required to invoke the preclusive bar of collateral estoppel is achieved when an appeal from the "trial court judgment has been exhausted or the time to appeal has expired." *Id.* at 808 (quoting *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (Cal. Ct. App. 2000)). The issuance of remittitur from the California Court of Appeal to the Superior Court indicates that the appellate process, including any potential for seeking review by the California Supreme Court, has been completely exhausted and the decision is final. *Id.* at 809 (citing *Rare Coin Galleries, Inc. v. A-Mark Coin Co.*, 202 Cal. App. 3d 330-36 (Cal. Ct. App. 1988)).

5

In the instant action, it is clear that collateral estoppel should apply. First, the California Court of Appeal squarely addressed the motion to compel arbitration on its merits in applying California law to find the arbitration clause procedurally and substantively unconscionable. *See Lhotka*, 181 Cal. App. 4th at 816-27. Second, on April 14, 2010, after the California Supreme Court denied review, the California Court of Appeal issued a remittitur to the Superior Court, rendering the judgment final. Finally, petitioner seeks the same relief in the instant action that it was denied in state court.

Petitioner contends that because its cert petition is currently pending before the United States Supreme Court, the California courts' ruling on the motion to compel is not yet final. As authority for this proposition, petitioner relies on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). That case, however, does not support petitioner's position. To the contrary, the Supreme Court in *Exxon* held that a federal court may maintain subject matter jurisdiction over a claim which is also filed concurrently in state court, and that despite the pendency of a cert petition from the state courts' final judgment, the "federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment . . . . and state law determines whether the defendant prevails under the principles of preclusion." *Id.* at 289-93.[3] Here, California law provides that the state courts' judgment of unconscionability is now final. The Court accordingly finds that it must give preclusive effect to the state courts' ruling. Respondents' motion for judgment on the pleadings is therefore GRANTED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES petitioner's motions to stay the state court proceedings and GRANTS respondents' motion for judgment on the pleadings. (Docket Nos. 41, 43).

**IT IS SO ORDERED.**

Dated: September 8, 2010

SUSAN ILLSTON
United States District Judge

---

[3] In its published opinion in this case, the Ninth Circuit confirmed that the state court judgment regarding unconscionability would be final, and thus preclusive, once that judgment was final under California law. *Geographic Expeditions*, 599 F.3d at 1105 n.3.